Grace MacKenzie, Appellee, *vs.* David MacKenzie, Appellant.

*Opinion filed February 19, 1909—Rehearing denied April 7, 1909.*

1. Separate maintenance—*section 3 of Chancery act controls where the defendant is a non-resident.* Section 2 of the Separate Maintenance act, as amended in 1891, (Laws of 1891, p. 164,) merely determines the county where a separate maintenance suit shall be brought if the husband is a resident of Illinois, but as to cases where the husband is a non-resident, section 3 of the Chancery act, providing that suit may be brought in any county if the defendant is a non-resident, controls.

2. Same—*a wife may bring suit in any county of the State if husband leaves the State.* Where a husband deserts his wife while they reside in Illinois and takes up his residence in another State, the wife, if she continues to reside in Illinois, may bring a separate maintenance suit in any county of the State.

3. Jurisdiction—*when question of jurisdiction is waived.* The question of jurisdiction of the person is waived, so far as the application for temporary alimony and solicitor's fees in a separate maintenance proceeding is concerned, even though the answer to the rule to show cause states that it is made under a limited and special appearance theretofore entered denying jurisdiction of the person, where affidavits are filed in support of the answer for the purpose of having the allowance fixed at a lower figure than might otherwise be determined.

4. Contempt—*when order of commitment is not "indefinite, incomplete and insufficient."* The fact that an order of commitment for contempt providing for the discharge of the defendant upon making payment to the complainant, her solicitor of record or the clerk of the court, fails to provide for such discharge upon payment to the jailer or sheriff, does not render the order "indefinite, incomplete and insufficient."

5. Same—*when fact that defendant was induced to come into State is no defense to contempt proceeding.* The fact that the defendant to a separate maintenance proceeding was induced by the complainant and her solicitor to come into Illinois to negotiate with a view to ending the litigation is no defense to a contempt proceeding begun while he was in Illinois on such errand, where it does not appear that the complainant or her solicitor had any thought, before he came into the State, of proceeding against him for contempt or that they induced him to come into the State by fraud or artifice.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Lockwood Honore, Judge, presiding.

John M. Duffy, for appellant:

The statute of Illinois for separate maintenance expressly gives the court jurisdiction only where the husband and wife are both residents of either the same county or of different counties of the State of Illinois, and not where one is a resident of a different State. Therefore the court was without jurisdiction of the subject matter between these parties. 2 Starr & Cur. Stat. chap. 68, pars. 22, 23; *Babbitt* v. *Babbitt,* 69 Ill. 277; 2 Ency. of Pl. & Pr. 662; *McCarthy* v. *Parker,* 26 Abb. N. C. 235; *Wheelock* v. *Lee,* 74 N. Y. 498; *Burckle* v. *Eckhart,* 3 id. 132; *Goldstein* v. *New Orleans,* 38 Fed. Rep. 626; Bishop on Marriage, Divorce and Separation, 88.

Appellant never conceded the jurisdiction of the circuit court at any time and never appeared at any time to the merits. From first to last all his acts were, and are, under special and limited appearance in writing. *Belknap* v. *Charlton,* 25 Ore. 41; *Investment Co.* v. *Ely,* 21 Wash. 107; *Schwab* v. *Mabley,* 57 Mich. 512; 2 Ency. of Pl. & Pr. 625; 3 Cyc. 503.

Harris F. Williams, for appellee:

Under a limited and special appearance for the purpose of making objection to the jurisdiction of the court, a defendant cannot present any other questions without subjecting himself to the consequences of a general appearance for all purposes. *Abbott* v. *Semple,* 25 Ill. 91; *Nichols* v. *People,* 165 id. 502; *Porter* v. *Chicago,* 176 id. 605; *McChesney* v. *People,* 178 id. 542.

The privilege conferred upon a defendant of being sued in a certain venue does not affect the jurisdiction of the

court to hear and determine the cause. *Ex parte Schollenberger*, 96 U. S. 369; *Kenney* v. *Greer*, 13 Ill. 432; *Wallace* v. *Cox*, 71 id. 548; *Drake* v. *Drake*, 83 id. 526; *Drainage District* v. *Griffin*, 134 id. 330; *Fairbanks & Co.* v. *Blum*, 2 Tex. Civ. App. 479; *Railroad Co.* v. *Solomon*, 23 Ind. 534; *Gill* v. *Bradley*, 21 Minn. 15; *Fennell* v. *Guffey*, 155 Pa. 38.

The Separate Maintenance act itself provides that suits under it shall be brought in equity, and it is therefore plain that suits under it are not different, as to practice and jurisdiction, from other chancery suits. The contention that the jurisdiction is limited, as compared with other suits, is absurd. Hurd's Stat. 1905, chap. 22, sec. 3; chap. 68, secs. 22, 23; chap. 40, secs. 5, 6; *Atkins case*, 46 Mich. 552.

Where a husband abandons his wife at the domicile of matrimony, leaving her without means of support, and goes to another State, he cannot set up, as a defense to her suit based upon the marital relation and brought in the venue of the matrimonial domicile, the "non-residence" thus acquired when he is served with personal process free from fraud or coercion and within the jurisdiction of the court issuing it. *Barber* v. *Barber*, 21 How. 582; *Cheever* v. *Wilson*, 9 Wall. 108; *Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 id. 562; *Willard* v. *Zehr*, 215 Ill. 148.

Mr. Justice Scott delivered the opinion of the court:

David MacKenzie appeals from a judgment of the Branch Appellate Court for the First District affirming an order of the circuit court of Cook county committing appellant to jail for contempt in failing to pay the sum of $1690 due from him for temporary alimony and a temporary allowance for solicitor's fees, under the terms of an order entered against him in a suit for separate maintenance instituted by his wife in the circuit court of Cook county.

The bill was filed on November 30, 1904. It appears therefrom that the parties thereto were married in Indiana in 1897 and continued to reside together until September 8, 1901; that at that time they were residing in Chicago, Illinois; that on that date the appellant willfully and without any reasonable cause deserted his wife and the child of the marriage, in Chicago, Illinois, leaving them without any means of support. It appears from the bill, although not in the precise words of the statute, that the wife is living separate and apart from her husband without her fault; that she is a resident of Cook county, Illinois, and had been such resident for more than one year prior to the filing of the bill, and that the appellant is a resident of the State of Idaho.

Summons issued and was returned showing that it had been served on the first day of December, 1904. It was returnable at the December term, 1904, and the order for temporary alimony and solicitor's fees was entered after the return day of the summons. The application for the temporary allowances seems to have been made on December 5, 1904. At any rate, on that day appellant was ruled to show cause why he should not pay such allowances. On December 1, 1904, appellant, by his solicitor, entered a special and limited appearance in the cause for the purpose of questioning the jurisdiction of the court. On December 8, 1904, he answered the rule of December 5 to show cause why he should not pay temporary alimony and solicitor's fees, and recites by that answer that it is made under his special and limited appearance. By that answer he sought to show, among other things, that at the time the summons in this cause was served upon him he was in Illinois for the purpose of attending the trial of criminal suits instituted against him for abandonment of his wife and child, and that while he was in the State of Illinois for that purpose he was exempt from service of summons. Later, on December 20, 1904, he set up the same matter by plea in abate-

ment to the bill. That plea was heard on the day after it was filed, and on the next day, December 22, 1904, was overruled. Appellant elected to stand by the plea. He was thereupon defaulted for want of answer. Thereafter, and on the same day, December 22, 1904, it was ordered that he pay to his wife the sum of $15 per week, beginning that day and continuing until the further order of the court, and it was further ordered that he pay to her, or to her solicitor for her use, the sum of $100 on account of solicitor's fees. It seems that nothing has ever been paid on account of this order, and the amount for which he was committed was the amount due thereon if the order be enforcible. There has never been a hearing upon the bill.

It is first objected that the circuit court had no jurisdiction of the subject matter of the separate maintenance suit for the reason that appellant was not a resident of this State. The right to maintain a suit of this character is given by paragraph 22 of chapter 68, Hurd's Revised Statutes of 1908. That paragraph gives to the wife a remedy in equity against her husband "in the circuit court of the county where the husband resides." The succeeding paragraph provides that the suit shall be brought in the county where the husband resides, or in case the husband shall abandon the wife without her fault and remove to another county in this State, then the suit may be brought by the wife either in the county where they resided at the time of the abandonment or in the county where the husband resides at the time of the commencement of the suit. It will be observed that neither paragraph expressly provides for a case such as that at bar, where, according to the averments of the bill, the husband abandons the wife while they are residing in this State and takes up his residence in another State, and it is accordingly urged that courts of this State, in such case, are without jurisdiction. If this be true and a husband abandons his wife while they reside in this State and he continues a resident of Illinois he can be re-

quired by our courts to observe his marital obligations so far as supporting his wife is concerned, but if he remove from the State and his wife continues to reside here he can not be so required, even though the summons in the suit be personally served upon him while he is temporarily within the boundaries of the State. This would put a premium upon non-residence and attach a burden to residence, which we do not think the legislature intended. Appellant relies principally upon the case of *Babbitt* v. *Babbitt*, 69 Ill. 277. The statute then provided that the suit might be begun in the county where either the husband or wife resided. The bill in that case was filed by a non-resident wife against a non-resident husband, and it was there held that it was an indispensable requirement that one of the parties should reside in the county in which the proceedings were had, otherwise the court would be without jurisdiction. We do not think that case can be regarded as conclusive. The paragraphs of the Separate Maintenance act determine in what county or counties the suit may be brought in cases where the husband resides in this State, and leave section 3 of the Chancery act to control in cases where the defendant is a non-resident of the State, and where, as in the case at bar, he deserts his wife while they reside in this State and her residence here continues at the time the suit is instituted. The section just mentioned provides that where the defendant in a chancery proceeding is a non-resident the suit may be brought in any county of the State. A like conclusion was reached by the Supreme Court of Michigan in *Atkins* v. *Borstler*, 46 Mich. 552. There a statute provided that the action should be brought in the county "where one of the parties shall reside at the time of commencing such action." That suit was begun by a resident against non-residents, although not in the county where the plaintiff resided. The conclusion of the Michigan court was, that the action might properly be maintained in a county other than that of the plaintiff's residence where it was brought

against non-resident defendants who were found in the county in which the suit was commenced, on the theory that the language last quoted was not intended to apply when the defendants were not residents of the State.

In regard to the question of the jurisdiction of the person of appellant, we think that was waived by a defense made to the rule to show cause why he should not be required to pay temporary allowances, so far, at least, as the application for such allowances was concerned. It is true, the answer states that it is made under the limited and special appearance theretofore entered, but appellant seems to have been unable to refrain from making averments in that answer which, if true, show that he had a good defense to the bill on its merits. 'That might, however, not be decisive so far as the application for temporary allowances was concerned, for the reason that the merits of the case made by the bill cannot be adjudicated upon that application. He states in that answer, however, that he "offers affidavits in support thereof." Attached to the answer and filed therewith are four affidavits, the only apparent purpose of which was to show that he owned much less property than complainant had contended he did. The only reason for making that showing in answer to this rule was to secure an order fixing the allowance at a lower figure than that at which the court might fix them under the showing made by complainant. On the day the bill was filed a writ of *ne exeat* also issued and an order was entered permitting the appellant to give security in the sum of $10,000. Upon application of appellant the amount of that bond was, by an order of the court entered on December 1, 1904, reduced to the sum of $4000, and it is contended that these affidavits, which were attached to the answer to the rule to show cause and which were filed on December 8, 1904, were filed, not in support of the answer to the rule, but for the purpose of securing a reduction of the bond given by the defendant in *ne exeat*. We think the record does not

show this to be the situation.   There is nothing at all in the record to indicate that the appellant made, or contemplated, any further effort to have that bond reduced after it was reduced on December 1, 1904, to the sum of $4000.   The affidavits which were attached to the answer to the rule were all signed and sworn to at a date later than the first day of December, 1904,—one as late as December 5, 1904. They were proper for the consideration of the court upon the hearing on the rule to show cause.   The answer to that rule stated that affidavits were offered in support thereof, and these are the only ones in the record that could have been so offered.   On December 1, 1904, a motion to quash the writ of *ne exeat* was denied.   On December 8, 1904, after the filing of the answer to the rule, this motion was renewed and again denied.   These affidavits were wholly without pertinence so far as that motion was concerned, and there is no indication that they were filed in support thereof.   The only conclusion that can be drawn from this record is, that these affidavits were filed for the purpose of being considered in the hearing on the rule.   That being true, the question of the jurisdiction of the person, so far as this application was concerned, was waived.   (*Nicholes* v. *People,* 165 Ill. 502.)   The effect of appellant's application made to the court for the purpose of securing a reduction of the amount of the bond required of him in *ne exeat* has not been discussed in the briefs.

It is also objected that the transcript of the record herein does not show a convening order of the circuit court for the December term, 1904.   The contempt proceedings were had at the January term, 1907, and appellant, by an objection made in those proceedings, conceded that the decree for the temporary allowances had been entered.   The convening order of the last mentioned term is shown, and that, upon this record, we regard as all that is necessary.   On an appeal from the order fixing the temporary allowances a different question would arise.

It was objected that the affidavit upon which the contempt proceedings were based was sworn to before the solicitor for appellee. The solicitor for appellee was Harris F. Williams. The affidavit was sworn to before Eldon M. Votaw, a notary public, who was an attorney at law and a clerk in Mr. William's office. Evidence taken shows that he was not solicitor nor of counsel for appellee. It is also said that the affidavit was on information and belief. The only essential things to be shown by that affidavit were that the order was in force and that the amounts required thereby to be paid were unpaid, in whole or in part. The averments which show these essentials are direct and positive and not upon information and belief.

It was also urged in defense of the contempt proceeding that the defendant came from Idaho to Chicago just before the attachment writ issued, pursuant to an agreement between his solicitor and the solicitor for appellee, for the purpose of negotiating with a view to ending the litigation between the parties hereto, and that having, by her solicitor, so induced him to come into the State, appellee had him arrested for contempt. The appellant failed to show that he was brought into the State by any fraud, artifice or trick for the purpose of enabling appellee to have him arrested in the contempt proceeding, and in that respect he has failed to bring himself within the rule laid down by the authorities upon which he relies. So far as appears, neither appellee nor her solicitor had any thought, at any time before appellant came into the State, of proceeding against him for contempt.

The order of commitment provided for the discharge of appellant upon his making payment "to the complainant, Grace MacKenzie, or to her solicitor of record or the clerk of this court for her." It is said that this order is "indefinite, insufficient and incomplete," for the reason that it does not provide for the appellant's discharge upon making payment to the sheriff or the jailer, who, upon payment be-

ing made, would have authority to release him from confinement; that it will be impossible for him to make payment to either of the persons named in the order, for the reason that he will be unable to leave the jail to reach them. We cannot regard this objection as seriously made. · It is certainly entirely without merit. If appellant should conclude to pay, he will readily find a method of placing the money in proper hands. Certain other questions have been discussed which are not material.

The judgment of the Branch Appellate Court will be affirmed.

*Judgment affirmed.*