## Martha E. Hunt, Appellant, v. Hascall E. Hunt, Appellee.

### Gen. No. 14,560.

SEPARATE MAINTENANCE—*when jurisdiction of proceeding exists.* Where a husband deserts his wife while they are residents of Illinois and takes up his residence in another state, the wife may, if she continues to reside in this state, maintain a bill for separate maintenance in any county of the state.

Separate maintenance. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed June 28, 1909.

F. A. BINGHAM, for appellant.

F. M. LOWES, for appellee; THOMAS MARSHALL, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The parties to this appeal are husband and wife. Appellant filed her bill against appellee for separate maintenance, claiming that he had deserted her without her fault, while they both resided in Chicago. The bill was, on hearing of appellant's proofs, appellee refraining from making any defense to his wife's bill upon the merits, dismissed for want of equity upon the following finding in the decree, viz: "That on the 3rd day of January, 1906, the date of the filing of the bill of complaint herein, the defendant, Hascall E. Hunt, was not a resident of the State of Illinois, but was on said date and still is a resident of the state of Idaho, and that the court is without jurisdiction."

The bill avers that the parties were married on the 26th day of October, 1884, in Noble county in the state of Indiana; that one child was born as the fruit of the marriage; that subsequent to the marriage the parties moved to and lived in Chicago, where the husband en-

gaged in the business of an undertaker; that while the parties lived in Chicago as husband and wife, and on December 6, 1897, the husband deserted his wife, since which time he has failed to support her and has lived and been in business in Alaska and the state of Idaho, of which state he was at the time of the filing of the bill and the hearing of the cause, a resident.

The bill contains an averment that appellant, for more than one year next preceding the filing of the bill, had been and still was a resident of Chicago, in the state of Illinois.

On January 8, 1906, appellee, after answering his wife's bill, filed a cross-bill for divorce, charging as a ground for such divorce, that appellant maliciously attempted the life of appellee by means of a loaded revolver, "with intent to take his life."

Appellant testified that she had resided in Chicago since 1894, and that for three years she and her husband lived in Chicago in the marital relationship, which they bore to each other until her husband deserted her in December, 1897.

The only question here presented for our decision is, did the court have jurisdiction to hear and determine the case stated in appellant's bill for separate maintenance. The solution of this question depends upon the fact as to whether appellant at the time of filing her bill had resided in the state of Illinois more than one year.

The contentions of appellee are without force in the light of the recent case of MacKenzie v. MacKenzie, 238 Ill. 616. The same questions before the court in that case are here presented, and the decision there is conclusive against appellee here. The MacKenzie case is on all fours with the case at bar. As here, the bill was for separate maintenance with *ne exeat* accompaniment. The cause of action arose in Illinois, and the defendant was a non-resident of this state, and the complainant had the statutory requisite of residence in this state for more than one year prior to the

filing of her bill. It was expressly held in the MacKenzie case that where a husband deserts his wife while they are residents of Illinois, and takes up his residence in another state, the wife may, if she continues to reside in this state, maintain a bill for separate maintenance in any county of the state. Appellee was served with process in this county, and it follows that the court acquired jurisdiction of his person and of the cause, and had authority to grant the relief prayed in the bill, upon its material averments being sustained by proof.

For the error of the Circuit Court in holding that it was without jurisdiction and in dismissing the bill, its decree is reversed and the cause remanded for further proceedings conformable to this opinion.

*Reversed and remanded.*