The circuit court of Cook county rendered a separate maintenance decree in favor of appellant, Maud G. DeMotte, in 1925. Appellee, William C. DeMotte, was ordered *Page 422 
to pay her $100 per month, and the court retained jurisdiction of the cause. On September 17, 1935, appellant filed her petition in that court and asked that a rule be entered against her husband to show cause why he should not be held in contempt for failure to pay $360, which she alleged he had failed to pay under the decree. The rule was entered and appellee filed his answer on September 23, 1935, in which he asserted he had made all monthly payments required by the decree up to the time of filing his bill for divorce in the superior court of Cook county on August 19, 1935. He claimed he was under no further obligation to pay support money because there became effective on July 20, 1935, an amendment to section 1 of "An act in relation to married women," approved May 17, 1877, as amended. (Laws of 1935, p. 913; 68 S. H. A. 22; State Bar Stat. 1935, chap. 68, par. 22.) That amendment reads, in part, as follows: "Provided that there are no living children born of such marriage no person having once received separate maintenance or temporary alimony for a period of two years or a fraction thereof shall be entitled to further separate maintenance or temporary alimony against the same spouse, except for such portion of the two years as remains unexpired: Provided also, that there are no living children born of such marriage the time during which the husband or wife is living separate and apart from the other spouse, under a decree of separate maintenance, shall be, for the purpose of divorce, regarded as desertion by the husband or wife." DeMotte's divorce case was transferred from the superior to the circuit court and consolidated with the separate maintenance action. On September 25, 1935, appellant filed her motion to strike appellee's answer to her petition because the amendatory act did not purport to apply to separate maintenance decrees rendered before its passage, or, if it did thus apply, it was in violation of section 2 of article 2 and section 22 of article 4 of the State constitution and the fourteenth amendment to the constitution of *Page 423 
the United States. On September 20, 1935, she also moved to strike appellee's complaint for divorce, on the ground that the amendment to section 1 mentioned above is void for the reason that it violates section 13 of article 4 of the State constitution. The additional grounds for this motion are similar to those stated in support of the motion to strike appellee's answer and need not be repeated. On October 10, 1935, appellee paid the support money due prior to July 20, 1935. The decree in the consolidated cases discharged the rule as to payment of support money after July 20, 1935, and dismissed appellee's divorce complaint for want of equity. Appellant has appealed directly to this court from that portion of the decree relieving appellee from payment of support money, and appellee has perfected a cross-appeal from that portion of the decree dismissing his divorce complaint. The constitutional questions raised give this court jurisdiction.
Section 13 of article 4 of the State constitution provides that no law shall be amended by reference to its title, only, and that the section amended shall be inserted at length in the new act. Appellant contends that the second proviso of the 1935 amendment amends the Divorce act in several particulars: (1) That it creates a new ground for divorce; (2) that the first section of the Divorce act allows only the injured party to sue, while the amendment permits the party adjudged to be at fault to obtain a divorce; (3) that it amends the eleventh section of the Divorce act, which forbids the obtaining of a divorce through collusion or connivance; and (4) that the amendment is incomplete as to such important matters as residence, venue and trial. Appellee contends that the statute as amended remains a complete act; that it is none the less so if resort is required to the Divorce act for matters of procedure, and that, even if its effect is to modify another statute, such amendment is only incidental and does not render the amendment violative of section 13 of article 4. *Page 424 
In People v. Beemsterboer, 356 Ill. 432, 435, we pointed out that the purpose of this constitutional provision is to avoid confusion arising from patchwork legislation but that endless and interminable reiteration of amended statutes is not required; that when a new act is passed, all prior acts in any way modified by it need not in every case be published at length and set out in the amendatory act if it is complete in itself and entirely intelligible without reference to prior legislation, although incidentally it does modify existing statutes, citing Chicago Motor Club v. Kinney, 329 Ill. 120,Steinhagen v. Trull, 320 id. 382, People v.Moyer, 298 id. 143, and Maulding v. Skillet Fork DrainageDistrict, 313 id. 216.
In Schireson v. Walsh, 354 Ill. 40, 52, we quoted the rule laid down in Nelson v. Hoffman, 314 Ill. 616, to the effect that the character of a statute is to be determined not by its title, alone, nor by the question whether it professes to be an amendment of existing laws, but by a comparison of its provisions with prior laws remaining in force, and if the particular statute is complete on the subject with which it deals it will not be open to the constitutional objection, but if it attempts to amend the old law by intermingling new and different provisions with the old ones or by adding new provisions, the law on that subject must be regarded as amendatory of the old law and the law amended must be inserted at length in the new act. We also quoted the rule laid down inGalpin v. City of Chicago, 269 Ill. 27: "On the other hand, even though an act professes to be an independent act and does not purport to amend any prior act, still if, in fact, it makes changes in an existing act by adding new provisions and mingling the new with the old on the same subject, so as to make of the old and the new a connected piece of legislation covering the same subject, the later act must be considered an amendment of the former and as within the constitutional prohibition." *Page 425 
In each case the particular amendment must be judged on its own merits. This amendment would work a change in the law of divorce by granting a right to a party at fault to obtain a divorce for his adjudicated fault against a spouse who had been adjudged to be living separate and apart from the other without fault. There is force in the contention that the length of time that this new form of "desertion" is required to continue is the two years mentioned in the first proviso of the amendment, whereas the period of desertion under the Divorce act is one year. The venue in the separate maintenance action is where the defendant lives, but if a divorce were sought under the amendment under consideration, resort would have to be had to the Divorce act for the procedure, and while this, alone, would not be sufficient to keep the act as amended from being a complete and distinct act, the other matters already referred to make the reading of both acts necessary to a determination as to what the law is on the subject of divorce. There is an intermingling of the provisions to the extent condemned and prohibited by the constitution, and the amendatory statute does amend the Divorce act without setting out the sections amended, and it is not made valid by the fact that it purports to deal only with the subject of separate maintenance.
In Steinhagen v. Trull, 320 Ill. 382, we pointed out that although the amendment to the Descent act there under consideration had to do with a waiver of dower, the Dower act remained unchanged and the right to dower was not affected. The effect of the waiver was to give one-third of the real estate in fee in lieu of dower, and this directly affected the fractional undivided interests that descended to the heirs. No such situation exists here. The rights under the Divorce statute as it existed before this amendment was enacted do not remain the same. While the legislature has power to enact laws with reference to separate maintenance *Page 426 
and divorce, it must do so in accordance with the constitution.
Appellant contends that this amendment violates the fourteenth amendment to the United States constitution, section 2 of article 2 and section 22 of article 4 of our State constitution, in that there is no reasonable basis for the classification sought to be made by the amendment. She contends that the requirement of a separate maintenance decree and payment of support money thereunder creates an arbitrary classification. Leaving out of consideration certain incongruous results as to married women, which appellant suggests and which need not be detailed, it is apparent that the classification adopted by the legislature is essentially arbitrary. For example, the court is without authority to order payment of temporary alimony and to decree payment of support money to the complainant in the separate maintenance action for a total period greater than two years. If temporary alimony payments are made for more than twelve months, all the time that could be counted as desertion by the defendant is the remaining period, which would be less than one year. Whether or not the contention is correct that the second proviso deals with a period of two years, in any event the amendment does not give a defendant a right to a divorce if payments are not made under a separate maintenance decree for at least one full year. The result will be that certain defendants will not be able to obtain a divorce because the court was without authority to order them to pay under its decree a sufficient length of time to establish a desertion under the amendment. Other defendants whose situations are otherwise identical but who had paid under separate maintenance decrees a sufficient length of time would be entitled to divorces. The amendment does not have a reasonable basis for classification and is void.
The decree of the circuit court of Cook county is affirmed in so far as it dismissed appellee's complaint for divorce *Page 427 
for want of equity. The remainder of the decree is reversed and the cause is remanded to the circuit court of Cook county for further proceedings in accordance with the views expressed in this opinion.
Affirmed in part and reversed in part and remanded.