Emily Pamel, Appellant, v. Christ Pamel, Appellee.

Gen. No. 39,472.

Opinion filed November 10, 1937. Rehearing denied November 22, 1937.

TEED, KAMMERMANN & JOHNSON, of Chicago, for appellant; HUGH E. JOHNSON, of Chicago, of counsel.

ALTHEIMER, MAYER WOODS & SMITH, of Chicago, for appellee; JESSE L. COHEN, of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order entered in the circuit court denying temporary alimony in a separate maintenance suit filed by Emily Pamel against her husband, Christ Pamel, and dismissing the suit for want of jurisdiction.

Plaintiff's complaint alleges that she is a resident of Chicago, Cook county, and that the defendant is a nonresident of Illinois.

Plaintiff's theory is that a resident plaintiff can maintain a suit for separate maintenance against a nonresident defendant where there is personal service on the defendant and in such cases the provisions of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶¶ 1–271; Jones Ill. Stats. Ann. 104.001 *et seq.*, control the venue.

Defendant's theory is that a complaint for separate maintenance cannot be maintained against a nonresident of Illinois.

The complaint discloses that the parties were married June 24, 1928, at Chicago, Illinois; that plaintiff was born in Chicago where she continued to reside up to the time of her marriage; that upon her marriage she went to St. Paul, Minnesota, to live with her husband where she so lived until September 2, 1936, at which time she was forced to leave him and came to Chicago to live with her mother; that three children were born of the marriage, ages six, four and three; that the children are with plaintiff. The charge in the complaint is cruelty and the complaint further charges that the parties are owners of real estate, vacant and improved in Chicago, Illinois, and Minneapolis, Minnesota.

The complaint further charges that plaintiff is a resident of Chicago, Illinois; that defendant is a non-resident of Illinois and for the past 20 years had been a resident of Minnesota; that the acts complained of as a ground for separation occurred in Minnesota; that on September 15, 1936, plaintiff filed her complaint for separate maintenance and summons was issued; that defendant was personally served with summons in Chicago, by the sheriff of Cook county, and at the same time the defendant was served with a notice of motion for an order allowing temporary maintenance, support of children, attorneys' fees and costs, plaintiff's interest in the real estate and for general relief.

The record shows that on September 16, 1936, a restraining order was entered against the defendant and the motion for temporary relief was continued until September 17, 1936; that on September 17, 1936, the defendant filed a special appearance challenging the jurisdiction of the court; that on September 17, 1936, an order was entered finding that the defendant was a nonresident and that the complaint so alleges, with a recital that it appears that the court does not have jurisdiction of the parties or the subject matter, temporary relief was denied and the restraining order of

September 16, 1936, was vacated and set aside; that on September 28, 1936, plaintiff filed her petition seeking a hearing on the merits and on the same day the defendant filed his written motion to dismiss the cause for want of jurisdiction; that on October 3, 1936, a hearing was had, after which briefs were submitted and on October 21, 1936, an order was entered dismissing the complaint for want of jurisdiction.

The sole question to be decided in this case is that of jurisdiction. In other words, can a wife residing in Cook county maintain a suit for separate maintenance against her husband, a nonresident, who is temporarily in this jurisdiction? It is agreed that separate maintenance is unknown to the common law and that the rights of the parties and the procedure is wholly statutory.

Ch. 68, ¶ 22, sec. 1, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 109.189, provides as follows: "That married [men or] women who, without their fault, now live or hereafter may live separate and apart from their [wives or] husbands, may have their remedy in equity, in their own names, respectively, against their said [wives or] husbands in the Circuit Court of the county where [the wife or] the husband resides, for a reasonable support and maintenance while they so live or have so lived separate and apart; and in determining the amount to be allowed, the court shall have reference to the condition in life of the parties at the place of residence of the [wife or] husband, and the circumstances of the respective cases; and the court at any time after service of summons and proper notice to [the wife or] the husband may make such allowance of temporary alimony, attorney's fees, and suit money as may appear just and equitable, as in cases of divorce, . . . [*provided* that there are no living children born of such marriage no person having once received separate maintenance or temporary alimony for a pe-

riod of two (2) years or a fraction thereof shall be entitled to further separate maintenance or temporary alimony against the same spouse, except for such portion of the two (2) years as remains unexpired. Provided also, that there are no living children born of such marriage the time during which the husband or wife is living separate and apart from the other spouse, under a decree of separate maintenance, shall be, for the purpose of divorce, regarded as desertion by the husband or wife]."

Ch. 68, ¶ 23, sec. 2, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 109.190, provides as follows: "Proceedings under this Act shall be instituted in the county where the husband resides, and process may be served in any county in the State; but the wife shall not be required to give bond for costs in any such proceedings: *Provided,* in case the husband shall abandon the wife without fault on her part, and remove to another county in this State, then and in that case such suit may be brought by the wife either in the county where they resided at the time of such abandonment as aforesaid or in the county where the husband resides at the time of the commencement of such suit."

Part of sec. 22 has been held unconstitutional by the Supreme Court in the case of *DeMotte v. DeMotte,* 364 Ill. 421. That did not destroy the entire statute, so that the act as it now reads, provides that the suit may be brought in the county where the husband or the wife resides. This question is not new to the courts and a somewhat similar case was passed on by the Supreme Court in *MacKenzie v. MacKenzie,* 238 Ill. 616, wherein the court said: "The bill was filed on November 30, 1904. It appears therefrom that the parties thereto were married in Indiana in 1897 and continued to reside together until September 8, 1901; that at that time they were residing in Chicago, Illinois; that on that date the appellant willfully and without any reasonable cause

deserted his wife and the child of the marriage, in Chicago, Illinois, leaving them without any means of support. It appears from the bill, although not in the precise words of the statute, that the wife is living separate and apart from her husband without her fault; that she is a resident of Cook county, Illinois, and had been such resident for more than one year prior to the filing of the bill, and that the appellant is a resident of the State of Idaho.

"Summons issued and was returned showing that it had been served on the first day of December, 1904. It was returnable at the December term, 1904, and the order for temporary alimony and solicitor's fees was entered after the return day of the summons. . . . On December 1, 1904, appellant, by his solicitor, entered special and limited appearance in the cause for the purpose of questioning the jurisdiction of the court. On December 8, 1904, he answered the rule of December 5 to show cause why he should not pay temporary alimony and solicitor's fees, and recites by that answer that it is made under his special and limited appearance. By that answer he sought to show, among other things, that at the time the summons in this cause was served upon him he was in Illinois for the purpose of attending the trial of criminal suits instituted against him for abandonment of his wife and child, and that while he was in the State of Illinois for that purpose he was exempt from service of summons. Later, on December 20, 1904, he set up the same matter by plea in abatement to the bill. That plea was heard on the day after it was filed, and on the next day, December 22, 1904, was overruled. Appellant elected to stand by the plea. He was thereupon defaulted for want of answer. Thereafter, and on the same day, December 22, 1904, it was ordered that he pay to his wife the sum of $15 per week, beginning that day and continuing until the further order of court, and it was further ordered that

he pay to her, or to her solicitor for her use, the sum of $100 on account of solicitor's fees. It seems that nothing has ever been paid on account of this order, and the amount for which he was committed was the amount due thereon if the order be enforcible. There has never been a hearing upon the bill.

"It is first objected that the circuit court had no jurisdiction of the subject matter of the separate maintenance suit for the reason that appellant was not a resident of this State. The right to maintain a suit of this character is given by paragraph 22 of chapter 68, Hurd's Revised Statutes of 1908. That paragraph gives to the wife a remedy in equity against her husband 'in the circuit court of the county where the husband resides.' The succeeding paragraph provides that the suit shall be brought in the county where the husband resides, or in case the husband shall abandon the wife without her fault and remove to another county in this State, then the suit may be brought by the wife either in the county where they resided at the time of the abandonment or in the county where the husband resides at the time of the commencement of the suit. It will be observed that neither paragraph expressly provides for a case such as that at bar, where, according to the averments of the bill, the husband abandons the wife while they are residing in this State and takes up his residence in another State, and it is accordingly urged that courts of this State, in such case, are with-out jurisdiction. If this be true and a husband abandons his wife while they reside in this State and he continues a resident of Illinois he can be required by our courts to observe his marital obligations so far as supporting his wife is concerned, but if he remove from the State and his wife continues to reside here he can not be so required, even though the summons in the suit be personally served upon him while he is temporarily within the boundaries of the State. This

would put a premium upon non-residence and attach a burden to residence, which we do not think the legislature intended. Appellant relies principally upon the case of *Babbitt v. Babbitt*, 69 Ill. 277. The statute then provided that the suit might be begun in the county where either the husband or wife resided. The bill in that case was filed by a non-resident wife against a non-resident husband, and it was there held that it was an indispensable requirement that one of the parties should reside in the county in which the proceedings were had, otherwise the court would be without jurisdiction. We do not think that case can be regarded as conclusive. The paragraphs of the Separate Maintenance act determine in what county or counties the suit may be brought in cases where the husband resides in this State, and leave section 3 of the Chancery act to control in cases where the defendant is a non-resident of the State, and where, as in the case at bar, he deserts his wife while they reside in this State and her residence here continues at the time the suit is instituted. The section just mentioned provides that where the defendant in a chancery proceeding is a non-resident the suit may be brought in any county of the State. A like conclusion was reached by the Supreme Court of Michigan in *Atkins v. Borstler*, 46 Mich. 552. There the statute provided that the action should be brought in the county 'where one of the parties shall reside at the time of commencing such action.' That suit was begun by a resident against non-residents, although not in the county where the plaintiff resided. The conclusion of the Michigan court was, that the action might properly be maintained in a county other than that of the plaintiff's residence where it was brought against non-resident defendants who were found in the county in which the suit was commenced, on the theory that the language last quoted was not intended to apply when the defendants were not residents of the State.''

It is contended by the defendant that the above quoted case does not apply for the reason that sec. 3 of the Chancery Act, Cahill's Ill. Rev. St. 1933, ch. 22, ¶ 3, to which the court in that case refers, was repealed by the legislature at the time of the passage of the new Practice Act. It is true that sec. 3 was repealed by the Civil Practice Act, ch. 110, sec. 94, Ill. State Bar Stats. 1935, ¶ 222; Jones Ill. Stats. Ann. 104.094, but it was replaced in said Practice Act by ch. 110, ¶ 135, sec. 7, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 104.007, which contains these words: ". . . If all defendants are non-residents of the State, an action may be commenced in any county." Therefore, we are of the opinion that the Civil Practice Act controls the venue for cases not specifically provided for by the Separate Maintenance Act, Ill. State Bar Stats. 1935, ch. 68, ¶¶ 22 and 23; Jones Ill. Stats. Ann. 109.189, 109.190.

Although the defendant is a resident of Minnesota, nevertheless he was temporarily residing in Cook county at the time the sheriff served him with a summons. We believe the court would acquire jurisdiction of the person by such service. As was said in the case of *Raab v. Raab*, 150 Ill. App. 554: "The jurisdiction of the court is challenged, but we think the court had jurisdiction of the parties, because there is nothing in the separate maintenance provisions of the statute which requires any time residence as a condition precedent to confer jurisdiction. In this respect it differs from the one year residence required by the divorce statute. The statute confers the right to seek the remedy 'in the county where the husband resides.' The return of the sheriff upon the summons of service upon defendant, lacking contradiction, sufficiently establishes the residence of defendant in Cook county to fulfil the statutory requirements in that regard."

If the contention of the defendant were accepted as correct, then a wife, who is compelled to leave her hus-

band because of his treatment of her and moves to the home she formerly occupied before her marriage, cannot have relief if the husband is able to prove that he is a nonresident. In other words, it would be possible for a husband to become a resident in any city of a close neighboring State, personally conduct his business in Cook county and relieve himself of obligations to support his wife and family merely for want of jurisdiction on the part of the court to compel him to comply with the law applicable thereto. We do not believe the legislature intended to create or sanction any such means whereby one could evade his responsibilities.

We are of the opinion that the trial court erred in denying to plaintiff the right to maintain her suit and in dismissing said bill. Therefore, for the reasons set forth in this opinion the judgment of the circuit court is reversed and the cause is remanded with directions to proceed in a manner not inconsistent with this opinion.

*Judgment reversed and cause remanded with directions.*

HEBEL, P. J., and HALL, J., concur.