Ida Broder, Appellee, v. Benjamin Broder, Appellant.

Gen. No. 45,934.

Opinion filed March 4, 1953. Released for publication April 6, 1953.

ARTHUR S. GOMBERG, of Chicago, for appellant; SAMUEL NINEBERG, of Chicago, of counsel.

SOLOMON M. GLICK, of Chicago, for appellee.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff filed a complaint for separate maintenance charging defendant with desertion. Defendant filed a general appearance and answer. After issues were joined plaintiff made a motion for temporary alimony

and solicitor's fees. November 27, 1951 defendant was ordered to pay plaintiff the sum of $25 weekly as temporary alimony and $100 as solicitor's fees. Thereafter defendant failed to make any payments and on January 18, 1952 he was committed to the county jail for a period of three months for his willful failure to comply with the order of November 27, 1951.

June 15, 1952, pursuant to plaintiff's petition, a rule to show cause was issued against defendant for his failure to comply with the provisions of the order of November 27, 1951. Afterwards defendant filed a petition praying that the order of November 27, 1951 be vacated and that the rule to show cause entered on June 15, 1952 also be set aside. July 1, 1952 defendant's petition was denied and on the same day an order was entered committing the defendant to the common jail of Cook county for his failure to pay the accrued temporary alimony and solicitor's fees provided for in the order of November 27, 1951.

Defendant appeals from the orders of July 1, 1952 denying his petition and the order of commitment.

According to the allegations of the complaint the parties were married on September 25, 1919 and lived together as husband and wife until January 1, 1951; plaintiff and defendant were then and have been for many years bona fide residents of the City of Chicago, County of Cook, State of Illinois, and defendant without any reasonable cause willfully deserted and abandoned plaintiff on the first of January 1951.

In his answer defendant denies the charge of willful desertion and misconduct as alleged in the complaint and denies that defendant is actually a bona fide resident of the City of Chicago. It is uncontroverted that the complaint states a good cause of action, and that the pleadings raise issues of fact.

 Defendant contends that the court never acquired jurisdiction because his residence at the time

485

this suit was instituted was in Rock Island county, Illinois. This contention is without merit. By filing a general appearance and answer defendant submitted to the jurisdiction of the court. *Welter v. Bowman Dairy Co.,* 318 Ill. App. 305. Defendant argues that where during the course of the proceedings the want of jurisdiction over defendant clearly appears it is the duty of the court to dismiss the complaint, and in support of his position cites *Way v. Way,* 64 Ill. 406. In that case, as here, it was contended that the objection to the jurisdiction should have been taken before the trial on the merits. The court said, at page 408: "This could not have been done, for the bill alleged all the facts necessary to confer jurisdiction. The question of jurisdiction, then, became one of fact, to be determined upon the hearing."

In the instant case defendant is seeking to have the merits of the case adjudicated upon the application for temporary alimony and solicitor's fees. Since plaintiff is entitled to a full hearing the trial court properly denied his petition. See *MacKenzie v. MacKenzie,* 238 Ill. 616. Finally, defendant complains that the large number of pending contested divorce and separate maintenance cases in the courts of Cook county make it impossible to accelerate the trial of the cause. However that may be it does not preclude plaintiff from having her day in court.

For the reasons stated, the orders appealed from are affirmed.

*Orders appealed from affirmed.*

FEINBERG and KILEY, JJ., concur.