Hillsborough,  No. 4181.
May 5, 1953.

DOROTHY GILBERT ECKSTROM

*v.*

LAWRENCE J. ECKSTROM.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant.

GOODNOW, J.   This case raises the issue of whether it is a jurisdictional requirement in an action seeking separate maintenance that the plaintiff be domiciled in this state at the commencement of the action.

"Chancery courts have never been considered to have original

178

jurisdiction either of divorces, or of petitions by a wife 'to require a settlement, or provide for maintenance.' " *Veino* v. *Veino*, 96 N. H. 439, 440; *Parsons* v. *Parsons*, 9 N. H. 309, 336; *Cf. Baker* v. *Baker*, 90 N. H. 307. So far as authority to grant separate maintenance exists in this state, it is confined to the situations stated in the statute. R. L., c. 339, s. 29, as amended by Laws 1949, c. 240, s. 2. It is there provided that "whenever a cause is in existence which is, or if continued will be, a cause for divorce, the superior court, upon petition and such procedure thereon as in divorce cases, may restrain either party from interfering with the personal liberty of the other and from entering the tenement wherein the other resides, may grant temporarily or permanently the custody, care, education and maintenance of their minor children, if any, and may make reasonable allowance for support, all subject to such limitations and conditions as the court shall deem just."

The right of a wife to seek some type of relief looking to her support, other than through an action for divorce, has existed in this state since 1840. Laws 1840, c. DLXXIII, s. 4. One basis for the granting of such relief has always been the existence of a cause which is, or if continued will be, a cause for divorce. In 1887, the rights of a petitioning wife were expanded (Laws 1887, c. 103) to permit the granting of relief when a husband failed without just cause to furnish suitable support for his wife, or deserted her, or whenever the wife for cause was actually living apart from her husband, all without reference to a matured or unmatured cause for divorce. In the 1891 revision of the statutes, this added right was intentionally omitted. Comm'rs' Rep., 1891, c. 175, s. 4. The right to seek separate support, except in the case of insanity, was then confined to situations in which there is in existence a cause which is, or if continued will be, a cause for divorce. P. S., c. 176, s. 4. It has continued to be so limited since that time.

The statute in question looks to providing relief in cases where a divorce is not presently desired by the wronged party or where the wrongs entitling the plaintiff to a divorce are uncompleted because the required period of continuance has not elapsed. It does not provide merely for support of the wronged spouse but also for restraining orders against the wrongdoer and control of the custody and maintenance of the children. The types of relief which may be granted are similar in nature to those available on a temporary basis during the pendency of a divorce action (R. L., c. 339, s. 14). It is designed only to secure support and other relief to the injured party

"while the situations the statute provides for continue to exist" and leaves "a comprehensive settlement . . . until the event of a divorce." *Baker* v. *Baker,* 90 N. H. 307, 309.

The statute contains no language providing special jurisdictional requirements but describes the situations in which a petition for separate maintenance may be brought as those in which "a cause is in existence." The cause referred to is some misconduct on the part of the defendant which, at the commencement of the action, must either then be, "or if continued will be, a cause for a divorce." Relief is not specifically limited to those cases in which the misconduct constitutes either a matured or unmatured cause for divorce under the laws of New Hampshire but we are of the opinion that it was intended to be so limited. The misconduct of the defendant may fall within one of the categories described as a cause for divorce in the statute (R. L., c. 339, s. 6) but it is not a cause in existence here within the meaning of the statute (*supra, s.* 29) unless the plaintiff is entitled to relief in this jurisdiction (R.˙L., c. 339, s. 5). The right to petition for separate maintenance was intended to rest upon a cause of which the courts of this state would have jurisdiction. Such jurisdiction exists if the cause "wholly arose or accrued while the plaintiff was domiciled in the state, and not otherwise" (*supra, s.* 5). In order to qualify as misconduct which either is or, if continued, will be a cause for divorce, the misconduct must have occurred or must be in the process of accruing into a cause for divorce while the plaintiff is domiciled in this state. Until a plaintiff has started actually residing here "with the intention of permanently making this her home" (*Sworoski* v. *Sworoski,* 75 N. H. 1, 2), no cause can have come into existence which either "is, or if continued will be" a sufficient cause for divorce in this state. We conclude that one who is not domiciled in this state may not bring an original action to secure separate maintenance under our statute (*supra, s.* 29), regardless of the domicile of the defendant.

The cases cited by the plaintiff in support of the view that actions for separate maintenance are transitory in nature and may be maintained regardless of the domicile of the parties are not in point in this state. Where they arose in states having no statutory provisions for support or maintenance other than those incidental to an action for divorce (*Lang* v. *Lang,* 70 W. Va. 205; *Wells* v. *Wells,* 27 S. D. 257; *Williamson* v. *Williamson,* 183 Ky. 435), the courts based their decisions on broad equity powers. In those states where statutory provisions exist (*Artman* v. *Artman,* 111 Conn. 124; *Pamel*

v. *Pamel*, 292 Ill. App. 328), examination discloses the statutes to be in no sense as restricted as ours.

The plaintiff contends that if the statute requires the domicile of the plaintiff to be in this state, the domicile of the husband is that of the wife for the purpose of jurisdiction of the wife's suit for separate maintenance. The parties to this action separated in 1937 and have not lived together since that time. Since 1937, the "necessity of separate and independent existence gave [the plaintiff] a separate residence and domicile." *Hopkins* v. *Hopkins*, 35 N. H. 474, 475; *cf. Shute* v. *Sargent*, 67 N. H. 305. No valid reason appears to make an exception to this rule in actions seeking separate maintenance.

In view of our decision that the plaintiff cannot maintain her action, the other exceptions of the defendant need not be considered.

*Petition dismissed.*

All concurred.