CHARLES A. LAYMAN et al. Plaintiffs in Error, vs. WAL-
TER LANGLOIS, Defendant in Error.

*Opinion filed October 24, 1916.*

1. TAX DEEDS—*effect of the act of 1909 regarding holders of
tax deeds who do not take possession within one year.* The act of
1909, providing that where the holder of a tax deed does not at-
tempt to take possession within one year from the date of his deed
the owner of the property may make a tender of the amount paid
out and expended by the holder and upon payment or tender of
such amount the holder shall be compelled to re-convey the prem-
ises to the owner, does not affect the title of the holder, who,
until the tender is made, may take possession of the property and
thus prevent the operation of the statute, and even after tender is
made and refused he still retains such title as he had until he is
divested of it by order of the county court and by the making of
a deed by the sheriff or a master in chancery.

2. SAME—*when a tax deed does not constitute a cloud.* A tax
deed does not constitute a cloud where there is no flaw or defect
in the deed, but is such a title as can only be divested by the con-
veyance provided for by the act of 1909, requiring the holder of
the tax deed to take possession in one year or make a re-convey-
ance upon tender of the amount of money expended by him; and
the act of 1909 provides the only means furnished the owner for
having title re-vested in him, in the absence of any flaw or defect
which will render the tax title void.

WRIT OF ERROR to the Circuit Court of Peoria county;
the Hon. CLYDE E. STONE, Judge, presiding.

KEITHLEY & KEITHLEY, for plaintiffs in error.

GAIL E. DEMING, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiffs in error, Charles A. Layman and Arthur B.
Grover, filed their bill in the circuit court of Peoria county
to have set aside as a cloud upon their title the tax deed
of Walter Langlois, defendant in error, to certain real es-
tate in the city of Peoria. The bill does not allege that

there is any defect in the tax title of defendant in error. It alleges that plaintiffs in error were seized in fee simple of the premises, which were sold in 1911 for the taxes of 1910; that defendant in error purchased the property at tax sale and later procured a tax deed to the same; that at the time of the sale the property was vacant and unoccupied and has so remained until the filing of the bill; that before the commencement of the suit the plaintiffs in error tendered defendant in error the amount legally expended by him in purchasing the property and perfecting his tax deed, with legal interest thereon, and demanded that he execute and deliver a quit-claim deed to the premises; that he refused such tender and refused to execute the deed. Plaintiffs in error by the bill offered to pay into court such amount as should be found legally due defendant in error, and prayed that the tax deed be canceled, delivered up and removed as a cloud upon the title of plaintiffs in error, and for general relief. To the bill defendant in error interposed a demurrer, which was sustained and the bill was dismissed. The record of the circuit court is brought here for review by writ of error.

Plaintiffs in error do not contend that there is any defect in the tax title of defendant in error but rely upon the act of June 14, 1909, in regard to tax titles. (Hurd's Stat. 1913, p. 2106.) That act provided that whenever the grantee in a tax deed to real estate, or anyone claiming thereunder, shall not be in the possession of the premises claimed, and shall not institute proceedings in good faith to take possession within one year after the date of the first tax deed under his alleged title, it shall be lawful for the owner of the real estate, or his agent or attorney, to pay or tender the holder of the tax title the amount of moneys paid out and expended by him upon said sale, with interest at the rate of five per cent per annum thereon, together with subsequent taxes paid and the statutory fees and costs incurred, and upon such payment or tender the

holder of the tax title shall re-convey the premises to the owner. The act further provided that if the holder of the tax title should refuse to re-convey the premises on demand after such tender, he should be fined not less than $50 nor more than $200. The act empowered the county court, upon proof of tender, to order the amount of the tender deposited with the county treasurer, and provided that the sheriff or any master in chancery should make a conveyance of the premises to the owner thereof in the name of the holder of such tax title. That statute did not affect the title of the holder of the tax deed, but simply required him to take possession, or take steps to institute proceedings to take possession, of the property within one year from the date of his tax deed or re-convey his title when reimbursed as provided by the act. Until tender was made the holder of the tax title might take possession of the property at any time and thus prevent the operation of the statute. After tender was made and refused the holder of the tax title still retained such title as he had until he had been divested of it by the order of the county court and by the making of a deed by the sheriff or a master in chancery. In the absence of any flaw or defect in the tax deed it does not constitute a cloud, but constitutes such a title as can only be divested by the conveyance provided for by the statute here invoked. That statute provided a complete remedy and was the only means furnished plaintiffs in error for having title re-vested in them in the absence of any flaw or defect which would render the tax title of defendant in error void.

We have considered the only question raised in the case.

The demurrer to the bill was properly sustained, and the decree of the circuit court is affirmed.

*Decree affirmed.*