(No. 20366.—<span style="background:black">       </span>

THE ELMHURST STATE BANK, Plaintiff in Error, *vs.*
ROBERT H. STONE, Defendant in Error.

*Opinion filed October 23, 1931—Rehearing denied Dec. 2, 1931.*

JOHN R. O'CONNOR, ALBEN F. BATES, and EDGAR H. PARNELL, (F. C. OIEN, and W. M. WEBSTER, of counsel,) for plaintiff in error.

WILLIAM H. FISCHER, JR., for defendant in error.

Mr. COMMISSIONER EDMUNDS reported this opinion:

On March 15, 1930, Robert H. Stone tendered to the Elmhurst State Bank, as trustee, the sum of $566.38 and demanded a re-conveyance of certain property in DuPage county of which he claimed to be the owner. The tender was refused. On March 20 thereafter Stone filed an affidavit in the office of the county clerk of DuPage county. In this affidavit he alleged that on May 24, 1927, a tax deed covering the property had been issued by the county clerk of DuPage county to Albert H. Glos upon a sale for special assessments had on June 30, 1924; that the tax deed had been duly recorded; that the interest acquired thereunder by Glos had been conveyed to the Elmhurst State Bank as trustee, and that neither Glos nor the bank had ever been in possession of the property or had instituted proceedings to take possession thereof. Further allegations of the affidavit set forth the tender and refusal to re-convey. Upon the filing of the affidavit the judge of the county court of DuPage county entered an order directing that notice of the filing be given the bank. The bank entered a limited appearance and filed an answer claiming title in itself, denying that Stone was the owner of the property and alleging that the statute under which the proceeding was brought was unconstitutional.

A hearing was had, and the court ordered the bank, upon payment of the sum of $566.38 and interest, to re-convey the property to Stone. The bank has sued out a writ of error to review the record.

The statute pursuant to which the order to re-convey was entered is entitled, "An act in regard to tax title and providing for the re-conveyance of tax titles and fixing a penalty for failure or refusal to re-convey." (Cahill's Stat. 1929, chap. 120, pars. 376-379.) It was enacted in 1909 and amended in 1915. It provides, among other things, that whenever the grantee of a tax deed to real estate, or anyone claiming thereunder, shall not be in possession or occupation of the premises so claimed and shall not take or institute proceedings in good faith to take possession within one year after the date of the first tax deed under his alleged tax title, it shall be lawful for the owner of the real estate, or his agent or attorney, to pay or tender the tax title holder the amount of moneys paid out and expended by the latter upon the sale, with interest and other specified charges and costs, and that upon such payment or tender the tax title holder shall re-convey the premises to the owner. The statute further provides that upon affidavit or proof of tender being made, the county court, in the same proceeding wherein the sale upon which the deed issued, may order, upon the service of such notice as the court shall direct, the amount of the tender deposited with the county treasurer, and that the sheriff or any master in chancery in the county may, in the name of the holder of such title, convey the premises to the owner thereof. A penalty for failure or refusal to re-convey to the owner after payment or tender of the amount due is incorporated in the act.

This statute was under consideration in *Woitynek* v. *Franken*, 300 Ill. 418, where a lot was sold for taxes which accrued after the death of the owner. Upon petition of the executor, filed two years after such sale, an

order was entered that the lot be sold free and clear of the tax deed, upon such sale the executor to redeem from the tax sale. The holder of the tax title had not been in possession and had not instituted any proceedings to take possession. We held that the order was erroneous, and, referring to the statute, said: "A tax deed is effective at the time it is executed. If the proceedings have been regular it conveys the title in fee simple and the grantee may maintain ejectment for the possession of the premises. The fact that he does not acquire the possession within a year and does not institute proceedings for that purpose does not avoid his deed or deprive him of the title or the right to maintain an action for the possession, but the effect of such delay is that the owner of the real estate may compel re-conveyance of the premises by paying the amount which the holder of the tax title has paid, with interest thereon, together with the subsequent tax and special assessments paid and statutory fees and costs. The executor in this case did not seek to avail himself of the privilege conferred by the statute. He made no tender. His petition was simply that the premises should be sold and that the sale should be free from the claim of the holder of the tax title. The effect of this was to destroy the appellant's title and all his interest in the land and transfer his claim to the proceeds of the sale, which might or might not be equal to the amount which he was entitled to have re-paid to him under the statute before he could be required to re-convey. Under the statute the title of the holder of a tax deed can not be sold without his consent, he cannot be required to re-convey until he has received the amount of money to which he is entitled, and he is not obliged to submit to a sale of his title before having actually received the money."

In *Layman* v. *Langlois,* 274 Ill. 559, a bill was filed in the circuit court to set aside a tax deed. The statute here attacked was relied upon by the complainant. We held that a demurrer to the bill was properly sustained, saying:

"In the absence of any flaw or defect in the tax deed it does not constitute a cloud but constitutes such a title as can only be divested by the conveyance provided for by the statute here invoked. That statute provided a complete remedy and was the only means furnished plaintiffs in error for having title re-vested in them in the absence of any flaw or defect which would render the tax title of defendant in error void."

In attacking the statute plaintiff in error contends that it purports to divest the holders of tax deeds of title in fee which they have duly acquired under other provisions of the Revenue law, and that in its operation it denies to the holders of such deeds the due process of law which is guaranteed by the Federal and State constitutions. Plaintiff in error also contends that when the State has collected its revenue and made a conveyance in fee to the tax purchaser, the title thus conveyed is the same as any other fee title and cannot be made the subject of adverse discriminatory or other legislation by reason of the source from which it was derived. These contentions are not well taken. It is to be noted at the outset that the statute does not affect the title of the holder of the tax deed but simply requires him to take possession, or take steps to institute proceedings to take possession, of the property within one year from the date of his tax deed or re-convey his title when reimbursed. (*Layman* v. *Langlois, supra.*) Moreover, the right to tax rests upon necessity, is inherent in every government, and, with us, is vested in the legislative department, which possesses plenary power over the subject, except so far as it may be restricted by the constitution of the State or of the United States. (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561.) The power of taxation attaches to the land itself, and the State, by virtue of its sovereignty, has a perpetual lien upon all taxable lands within its limits, which cannot be divested, whatever changes of ownership may happen by conveyances from one indi-

vidual to another. (*Rhinehart* v. *Schuyler,* 2 Gilm. 473.) The power to tax implies the power of the State to enforce the collection of the tax, and necessarily the State, in its sovereign capacity, may prescribe the mode of accomplishing this and define the interest in property upon which taxes shall attach as liens and what interest shall pass upon sale thereof, owing to non-payment by those upon whom such duty has been imposed. (*Lucas* v. *Purdy,* 142 Iowa, 359, 120 N. W. 1063; *People* v. *Seymour,* 16 Cal. 332.) Assuming the statute to be, as claimed by plaintiff in error, an act authorizing redemption from tax sales, it falls within the scope of legislation which the State undeniably has power to enact. It is the policy of the law to favor redemption from tax sales, (*Union Trust Co.* v. *Reed,* 231 Mass. 199, 99 N. E. 1093,) and this policy is reflected in the general rule of courts to give to statutes authorizing redemption from tax sales a construction favorable to owners. (*Corbett* v. *Nutt,* 10 Wall. 464; 2 Cooley on Taxation,—4th ed.—sec. 511; 4 id. secs. 1558, 1562.) The statute here involved was in force when the tax-buyer made his purchase. The law charged him with notice of its application to the transaction. It was as much a part of the mode of procedure set up by the State in connection with the collection of taxes as other statutory provisions by virtue of which the tax-buyer became entitled, under certain contingencies, to a deed. The objection that it makes no provision for judicial hearing and trial by jury is untenable. (*Mix* v. *People,* 86 Ill. 312; *Matter of Trustees N. Y. P. E. School,* 31 N. Y. 574.) Unless it is in conflict with some constitutional provisions other than those already suggested it must be given effect, and plaintiff in error cannot be heard to object to the limitations which the law imposes upon him as the holder of property purchased at a tax sale while it was in force.

Plaintiff in error contends that the statute is invalid because it abrogates "the constitutional guaranty to the tax

purchaser of a limited redemption period." The basis for this contention is section 5 of article 9 of the constitution, which is as follows: "The right of redemption from all sales of real estate for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof. And the General Assembly shall provide by law for reasonable notice to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall. expire: *Provided,* that occupants shall in all cases be served with personal notice before the time of redemption expires." There is in this language an obvious guaranty in favor of owners and persons interested in real estate which has been sold for the non-payment of taxes or special assessments, of the right of redemption for a period of not less than two years from such sales, (*Gage* v. *Bailey,* 100 Ill. 530,) but we do not find in it any restriction which guarantees to tax purchasers that such owners and interested persons shall have only a limited period in which to redeem.

Plaintiff in error insists that inasmuch as a notice is required stating when the time of redemption will expire, which notice must be served before the time of redemption expires, if the time for redemption never expires (as, in effect, it allegedly would not under the statute here involved,) it would be impossible to give a notice in compliance with constitutional requirements. Whatever merit there might otherwise be in the argument, it can have no force, by way of sustaining the position of plaintiff in error, because it does not clearly appear that the requirements as to notice constitute guaranties whose benefits extend to plaintiff in error or its grantor.

Plaintiff in error contends that the county court had no jurisdiction to enter the order which is challenged in this

case. The reason assigned is, that the order was based upon a determination of ownership of the fee, and that under the limitations of the constitution the county court cannot adjudicate the title to real estate. Section 18 of article 6 of the constitution provides that county courts shall be courts of record and shall have original jurisdiction in various matters, including "proceedings for the collection of taxes and assessments." In our opinion the order here involved arose out of a proceeding fairly embraced within that provision, and the statute properly gave the county court jurisdiction to enter it.

The order of the county court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Order affirmed.*