(Nos. 22290, 22291.—

THE PEOPLE *ex rel.* Joseph B. McDonough, County Collector, Defendant in Error, *vs.* SIMON BEEMSTERBOER, Plaintiff in Error.

*Opinion filed April 21, 1934—Rehearing denied June 8, 1934.*

WILLIAM J. GRACE, (JOSEPH A. CROWE, and DONAL HARTFORD, of counsel,) for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, and ROBERT S. CUSHMAN, of counsel,) for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

The county court of Cook county entered two sale judgments overruling objections of plaintiff in error to taxes extended against his real estate for the years 1928 and 1929, respectively. Two writs of error to review the judgments were sued out of this court, and the causes have been consolidated.

Under the quadrennial assessment made in 1927 the assessed value of the property in controversy was fixed by the board of review at $5400. Under a re-assessment ordered in 1928 by the tax commission in substitution for the quadrennial assessment the assessed value was fixed by the board of assessors and the board of review at $22,464.

It is urged that the acts of 1919 hereinafter referred to, relating to the State Tax Commission, are unconstitutional; that the acts conferred no authority on the tax commission to enter the re-assessment orders; that the proceedings were irregular, void and violated the due process clause of the Federal constitution; that the assessment was made by persons not authorized by law, and that the property was arbitrarily and fraudulently over-assessed.

The State Tax Commission was created by the act of 1919 which amended sections 5, 9 and 13 of the Civil Administrative Code and added a new section 39a. (Laws of 1919, p. 9.) Section 39a provides: "The State Tax Commission created by this act shall, in its name, without any direction, supervision or control by the Director of Finance, exercise and discharge all duties now or hereafter imposed by law on it with reference to the assessment of property for taxation. All clerical and administrative functions pertaining to the business of the tax commission shall be discharged by the Director of Finance, who shall, for that purpose, act as its secretary and executive officer."

It is contended that section 39a amends sections 4 and 36 of the original act by taking away powers granted by those sections from the Department of Finance and the director thereof and bestowing duties not prescribed by section 36 upon the tax commission, and that the amended sections are not inserted at length in the new act, in violation of section 13 of article 4 of the constitution. Section 4 of the Civil Administrative Code provides: "Each department shall have an officer at its head who shall be known as a director, and who shall, subject to the provisions of this act, execute the powers and discharge the duties vested by law in his respective department." Section 36 enumerates the powers of the Department of Finance, none of which relate to the assessment of property for taxation. The tax commission was created to take the place of the State Board of Equalization, which existed

until the passage of the act of 1919 and over which the Department of Finance had no control. It is manifest that the act could not take away powers which did not exist and in that respect could not be amendatory. Section 39a adds nothing to the powers of the Department of Finance and therefore does not amend section 36. The duty of discharging the functions of secretary and executive officer of the tax commission, imposed upon the Director of Finance by section 39a, has no connection with his duty to exercise the powers and discharge the duties of the Department of Finance. Section 39a makes no change in the duties prescribed by the original act. It merely designates the officer who shall perform the duties of secretary and executive officer of the tax commission and prescribes those duties. The section is complete in itself, and it is unnecessary to refer to the original act in order to determine the effect of the amendment. The purpose of the constitutional provision is to avoid confusion arising from patchwork legislation but does not require practically endless reiteration of amended statutes, nor that when a new act is passed all prior acts in any way modified by it shall be published at length in the amendatory act. (*Michaels* v. *Hill,* 328 Ill. 11.) Where a new law is complete in itself and entirely intelligible without reference to prior legislation it is valid though incidentally its effect is to modify existing law. *Chicago Motor Club* v. *Kinney,* 329 Ill. 120; *Steinhagen* v. *Trull,* 320 id. 382; *People* v. *Moyer,* 298 id. 143; *Maulding* v. *Skillet Fork Drainage District,* 313 id. 216.

It is further contended that the act of 1919 defining the powers and duties of the State Tax Commission (Laws of 1919, p. 718,) amends portions of the Civil Administrative Code and the Revenue act without setting forth the amended sections at length; that it contains more than one subject matter and also a subject not expressed in its title, thereby violating section 13 of article 4 of the con-

stitution. The act is entitled, "An act in relation to the assessment of property for taxation." It does not purport to amend any other law and is an independent act in itself as to the subject with which it deals. Although it may have the practical effect of modifying prior acts, that fact does not place it within the inhibition of the constitution. (*People* v. *Tokoly,* 313 Ill. 177; *People* v. *Loeffler,* 175 id. 585; *Steinhagen* v. *Trull, supra.*) The act deals with the powers and duties of the tax commission with reference to the assessment of property, its power to order reassessments, the procedure to be followed and the procedure in equalizing assessments. All these matters relate to the assessment of property for taxation and are embraced within the subject of the enactment expressed in the title.

It is also claimed that the title is so broad as not to fairly point out the subject matter. In *People* v. *Stacker,* 322 Ill. 232, we called attention to the fact that many comprehensive acts have general titles, and that although the numerous provisions are not expressed in the general title, yet when they are related and have some connection, more or less direct, with the subject of the legislation, the title is sufficient. To the same effect are *People* v. *City of Chicago,* 349 Ill. 304, and *People* v. *Swanson,* 340 id. 188. Neither of the acts is unconstitutional for any of the reasons urged.

Plaintiff in error also contends that the Tax Commission act conferred no jurisdiction on the tax commission to order a re-assessment except in the year of a quadrennial assessment. We held to the contrary in *People* v. *Sweitzer,* 339 Ill. 28.

It is also claimed that the proceedings of the tax commission in ordering the re-assessment were irregular and void. The commission adopted three orders concerning the re-assessment. The first was made on May 7, 1928, before the board of review had completed the revision of

the 1927 quadrennial assessment. The commission afterwards concluded the order was prematurely made and invalid. Thereafter the General Assembly, in special session, passed an act effective July 1, 1928, which provides for ordering a re-assessment whether or not the original assessment be completed. Under the authority of that act the tax commission on July 10, 1928, ordered a re-assessment of all real estate in Cook county. The meeting of the commission was held in Chicago. Because the validity of the meeting there was doubted, the commission held another meeting in Springfield on September 25 and re-entered its order for a re-assessment. The claim is made that the order of September 25 is void because no notice of the meeting was given to all the members of the tax commission. While a notice shown in the record is addressed to and signed by only three of the four members, the commission's record shows that "due notice" of the meeting was given to each member of the tax commission, and that a copy of said notice has been filed with the secretary of the commission. It is a familiar rule that the record imports verity, and in the absence of a showing to the contrary, notice will be presumed to have been given.

The contention that the assessment of plaintiff in error's property was void because not made by the duly constituted authorities cannot be upheld. The proof offered by him was that assessments in the town of Calumet were not made by deputies nominated by the board of town auditors, as required by statute. No proof was offered to show that the assessment was not made by the board of assessors or by the township assessor, who under section 3 of the Revenue act of 1928 is *ex-officio* a deputy of the board.

The basis of plaintiff in error's claim that his premises were fraudulently assessed is that the assessing officials intentionally assessed the property at 37 per cent of its full value and at the same time assessed personal prop-

erty at a much lower proportionate value; that the board of assessors over-valued his property because it refused to consider income as a factor; that it valued the building without regard to the land value and based the assessment of the building on erroneous measurements. The omission to assess or the under-valuation of one kind of property will not invalidate the assessments upon other property in the same jurisdiction. *Bistor* v. *McDonough,* 348 Ill. 624; *People* v. *Cesar,* 349 id. 372; *Koester* v. *McDonough,* 351 id. 492; *People* v. *Reinecke,* 354 id. 351.

The full valuation placed on the premises by the board of assessors as of April 1, 1928, was $60,712. Plaintiff in error acquired the title in December, 1927, in a trade wherein it was valued at $75,000. He claims that this valuation was inflated and did not represent the actual value. At the time he acquired the propery it was encumbered by a first mortgage of $50,000 and another of $12,000. A witness for the People who was acquainted with the property testified that it was worth $60,000. Testimony on the part of plaintiff in error placed the value as high as $49,651. Under the testimony it does not appear that the board of assessors over-valued the property. The record also shows that the income was considered, among other things, in fixing the valuation of the property, and that the board of assessors took land values into account in assessing buildings. If the measurements of the building as shown on the property record card are erroneous, it would not constitute a defense to the collection of the tax in the absence of a showing that plaintiff in error made an application to the board of assessors for a revision and correction of the assessment. (*Hettler Lumber Co.* v. *Cook County,* 336 Ill. 645; *Jeffery Apartment Building Corp.* v. *Harding,* 347 id. 336.) A complaint purporting to be on behalf of plaintiff in error was filed with the board of review against the 1928 assessment. The full cash market value of the premises is therein stated to be $74,000.

Plaintiff in error claims that the complaint was not filed with his authority. A complaint was filed as to the 1929 tax in similar form, alleging the value of the premises to be $36,000. It shows the premises encumbered for $50,000 with insurance of the same amount. We observe no proof of a fraudulent or arbitrary assessment.

Plaintiff in error made no attempt to compel the board of review to give him a hearing upon his complaints. Under the repeated decisions of this court he thereby waived his right to raise the question of over-assessment in the county court upon application of the county collector for judgment. If the board neglected or refused to act and review an alleged fraudulent assessment his remedy was by *mandamus*. Having failed to pursue his remedy to compel a hearing by the board of review the county court properly overruled his objections to the assessment. (*People* v. *Cesar, supra; People* v. *Goldberg,* 354 Ill. 423; *Loewenthal* v. *People,* 192 id. 222.) However, he sought to avoid the effect of the rule just stated by introducing in evidence a resolution adopted by the county board of Cook county, and a letter written by its attorney, which recited that upwards of 40,000 complaints as to real estate assessments had been filed with the board of review, and that thereafter such objectors "shall be exempt from the necessity of establishing that they *mandamused* the board of review for a hearing in any action brought for the collection of 1929 real estate taxes." The court admitted the resolution and letter as exhibit No. 9, subject to the objection that they are incompetent, irrelevant and immaterial. It is apparent that no resolution of a county board can change the legal procedure in this State.

The judgment is affirmed.     *Judgment affirmed.*