(No. 24959.—

THE DEPARTMENT OF FINANCE, Appellant, *vs.* MRS. S. H. GOLDBERG, Appellee.

*Opinion filed February 20, 1939.*

JOHN E. CASSIDY, Attorney General, (JOHN F. Mc-GINNIS, MARTIN A. BRENNAN, FRANK PFEIFER, and W. F. GRAY, of counsel,) for appellant.

B. JAY KNIGHT, J. E. GOEMBEL, FRANK H. CLARK, and T. O. PRATHER, (FREDERICK H. HAYE, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

The Department of Finance of the State of Illinois, for the use of the People (hereafter referred to as the Department of Finance) filed suit in the circuit court of Winnebago county against Mrs. S. H. Goldberg, doing business as the B. & G. Fruit Company, to recover $37,688.94, claimed to be due the State of Illinois under the Retailers' Occupation Tax act from July, 1933, until July, 1936.

The complaint alleges that Goldberg was engaged in selling tangible personal property to purchasers for use or consumption; that she has failed to pay the required tax; that, after due notice, an assessment was made at a hearing held on February 10, 1937, pursuant to the statute, a copy of which is attached to the complaint as exhibit A; that more than twenty days elapsed after notice to said defendant of the *decision* of the *Department of Finance,* at said hearing held on February 10, 1937, and that no suit has been instituted by the defendant to have the *findings* reviewed by the

circuit court by *certiorari* or other means, wherefore they pray judgment. The complaint is sworn to by a qualified agent of the Director of Finance. Exhibit A attached purports to be "findings and conclusions of hearing officer in the matter of the hearing granted to Mrs. S. H. Goldberg on February 10, 1937, and recites: "I, the undersigned, find the following facts to have been established [here is recited the amounts of sales and computation of tax] wherefore purusant to the authority granted to me by virtue of the statute  *  *  *  and the act of the Director of the Department of Finance  *  *  *  and after consideration of the evidence introduced, I have determined the liability of the above named taxpayer for taxes and penalties to consist of the amount or amounts hereinafter indicated." Then follows a grand total assessment of $37,688.94. "Determined this 10th day of February, A. D. 1937, in the County of Winnebago, State of Illinois, William A. Hill, hearing officer, approved J. W. Huston, Supervisor, Legal and Research Division, Department of Finance."

A motion for summary judgment was made and the affidavit in support, among other things, states: "That the records of the Department of Finance under my direct control and in my charge disclose there is a balance due and unpaid in the sum of $37,688.94, being taxes and penalties against the said defendant, to-wit: Goldberg, on certain sales made by her of tangible personal property for use and consumption; that said taxes and penalties, consisting of findings of the *hearing officer* as per photostatic copy of said findings hereto attached marked Exhibit A; that the defendant was duly notified of the holding of said hearing and also of the findings of the *hearing officer* according to statute in such case made and provided." Motions were made to strike the complaint and to strike the motion for summary judgment.

The defendant filed an affidavit of meritorious defense which, in substance, says that she did not, within the period

covered by the complaint, sell goods to the amount of $1,577,519 at retail, and that she, in fact, sold at retail only $46,720, and that she paid, as occupation taxes, $3844, and did not owe the sum of $37,688, consisting of $35,894 deficiency tax plus a penalty of $1794, and that she offered to the hearing officer, records, affidavits and certificates establishing her contention but that the hearing officer, either through mistake of law or mistake of fact, or for the purpose of defrauding defendant, wrongfully charged and now seeks to recover the amount mentioned in the complaint as a Retailers' Occupation tax. An answer was filed setting forth substantially the matter contained in the affidavit of defense but more in detail. The court struck the plaintiff's motion for summary judgment but refused to strike the plaintiff's complaint. The defendant demanded a jury, and a motion was made by plaintiff to discharge the jury, which was overruled. The court then ordered the matter to be referred to a master in chancery, as referee, to state an account. Thereupon the plaintiff's attorney objected and excepted, whereupon the court said: "Plaintiff elects to stand on objections made by plaintiff and overruled by the court. Suit dismissed at plaintiff's costs; exception by plaintiff." The Department of Finance appeals to this court from such judgment, as a matter of revenue is involved.

Appellant assigns as error, first, that it was improper to enter a money judgment against the State of Illinois, second, the court should have entered judgment in favor of the People and against the defendant, and third, the court erred in refusing to discharge the jury and to consider the issues formed by the pleadings.

At the beginning it is to be observed there was a judgment entered against the People of the State of Illinois for costs, which was error under our holdings in *People* v. *Pierce,* 1 Gilm. 553; *Deneen* v. *Unverzagt,* 225 Ill. 378; *Attorney General* v. *Illinois Agricultural College,* 85 id. 516. (Ill. Rev. Stat. 1937, chap. 33, par. 17.) The suit was dis-

missed without disposing of the issues made by the pleadings. The plaintiff had on file a complaint which the court had refused to strike, and the defendant had on file an answer and affidavit of meritorious defense, and before the dismissal of the suit it had ordered the case referred to a referee under the statute, to state an account as to sales at wholesale or retail and report back proofs and findings.

The plaintiff proceeded upon the theory that it had established a proper assessment of a deficiency tax by the Department of Finance. The defendant proceeded upon the theory that it was trying the merits of the findings of the tax hearing as in *certiorari*. The court seemed to think that it had a right to examine the merits of the finding through a referee because of the pleadings of the defendant, although not responsive to the complaint, and when the People objected to its refusal to discharge the jury and excepted to its action, the court deemed this an election to abide by plaintiff's theory of the case, and judgment was entered accordingly.

The situation presented by the pleadings is unusual. The court first held the complaint good on motion to strike and, with an answer on file, could not have entered judgment against the plaintiff unless the facts in the answer were first established. By considering the action of plaintiff's counsel as an election the court necessarily decided, as a matter of law, either that the complaint did not state a cause of action or that the answer presented a defense to any proof that might be admissible under the complaint. The propriety of the court's ruling is raised by the assignment that the court erred in dismissing the suit and in entering judgment for the defendant.

Appellant contends that the complaint states a good cause of action against appellee for a deficiency tax under Retailers' Occupation Tax act, and, by filing motion for summary judgment with affidavit in support thereof, was entitled to judgment on the theory that all matters relating

to the assessment thereof would have to be determined by *certiorari*. The defendant's answer presents the theory that there never was any deficiency assessment made according to statute, and, if it is considered as made, it was void because of fraud, or mistake of law or fact on the part of employees of the Department of Finance. The pleadings of both plaintiff and defendant fail to comply with the requirements of the Civil Practice act in stating concisely all the facts making a cause of action, or by making explicit denials thereof, nor is a large part of the record, embodying the claims of the defendant, abstracted at all. In fact, there is only enough in the abstract to pass upon the sufficiency of the complaint and the action of the court in rendering judgment against the plaintiff, but the amount of tax involved, and the importance of the question of procedure have impelled us to examine the whole record for the purpose of enabling the lower court to properly proceed with the situation.

The case arose under the Retailers' Occupation Tax act of 1933 and before the amendment of 1937. Matters relating to the levy or assessment of a deficiency would be governed by the prior act. The complaint has attached to it an exhibit purporting to be an assessment, and under section 36 of the Civil Practice act (Ill. Rev. Stat. 1937, chap. 110, par. 160) constitutes a part of the pleading for all purposes. Under the law of 1933 the taxpayer was required to make a monthly return, and in case the taxpayer did not make a return, or made an incorrect return the department could investigate the matter. To correct a return, under the statute (Smith-Hurd Stat. 1935, chap. 120, par. 443) four things must be done by the department: First, notify the taxpayer of a hearing; second, have a hearing; third, correct the return according to its best judgment and information; and, fourth, give the taxpayer notice in writing of such additional amount of tax. For making an incorrect return the penalty is five per cent.

If no return has been made the department under paragraph 444 is required: First, to notify such person; second, hold a hearing; third, determine the amount; and fourth, notify the taxpayer in writing of the amount of the tax fixed and computed. The penalty to the taxpayer in such case was twenty-five per cent of the tax. Paragraph 447 provides that for the purpose of correcting a return, or of determining the amount of a tax the department may conduct a hearing or any officer or employee of the department *designated in writing by the Director,* may hold investigations and hearings concerning matters covered by the Retailers' Occupation Tax act. Paragraph 447 does not authorize the hearing officer to assess a tax or correct a return. Paragraph 443 authorizes the department to correct a return, and provides that the tax shall be computed by the department. Paragraph 444 provides that the tax shall be fixed and assessed by the department in cases where no return is made.

The powers and duties of the Department of Finance are prescribed with great detail in section 36 of the Civil Administrative Code (Ill. Rev. Stat., 1937, chap. 127, par. 36) and nowhere among the powers granted is any right given to an investigating or hearing officer to perform any duties or exercise any powers except such as are specified in the Retailers' Occupation Tax act. It gave additional duties and powers to the Director of Finance which operated as an extension of the powers originally vested in him, but certainly not any powers of delegation other than those specifically mentioned.

It is difficult, from an examination of the complaint, to determine whether the hearing referred to was one where the appellee had made no return or one where the department was authorized to correct a return. The language of the complaint is that "defendant * * * has failed to pay * * * at the times and in the amount, the tax imposed by said statute." Exhibit A of the complaint,

however, shows that for the period of thirty-seven months covered by the investigation, $3844 in taxes had been paid but the recital in said exhibit is to the effect that the hearing officer "did, after due notice as required by law, hold a hearing concerning and with regard to all matters dealing with any violation of or failure to pay any tax due under the Retailers' Occupation Tax act." The exhibit also discloses that a total of $1794 in penalties at five per cent was added, which would indicate that the hearing and investigation was for the purpose of *correcting a return* and not one in a case where no return had been made. Exhibit A to the complaint purports to be the "findings and conclusions of the *hearing officer* on a hearing held February 10, 1937 * * * that pursuant to law and the act of the Director of Finance * * * I have determined the liability of the above named taxpayer." It purports to be "determined on the 10th day of February, 1937," and was signed by William A. Hill, hearing officer, "approved J. W. Huston, Supervisor Legal and Research Division Department of Finance." This exhibit also discloses that the taxpayer had filed returns and that such returns were in the file of the department and that assessment notice should be mailed to 616 Cedar street. The complaint charges that an assessment was made on February 10, 1937, after due notice and refers to exhibit A as the assessment. As we have pointed out above the exhibit A purports to be the *findings and conclusions* of the hearing officer in a proceeding which could be nothing else but one to correct a return of appellee covering thirty-seven months of business. The statute requires the department to make the corrected return and merely designates the hearing officer to hold hearings, and obviously requires that the report be made to the department, and that the department correct the return and give notice thereof; and, in like manner, when no return is made the hearing officer makes his report to the department appointing him, and

the department, in that instance, determines the amount of the tax. The statute makes a difference between correcting a return and assessing a tax where there is no return, but, in both instances, requires the department to give notice of whatever amount is claimed to be due and from that date the taxpayer has twenty days in which to bring a review proceeding by *certiorari,* in the circuit or superior court of his county. In *Anderson* v. *Department of Finance,* 370 Ill. 225, the record disclosed that under like circumstances the department did make such an amended return and mailed it to the taxpayer. *Department of Finance* v. *Gold,* 369 Ill. 497, involved a case where no return was made, yet the Department of Finance, after notice of a hearing and the assessment, gave the appellant notice of the amount of tax found due. *Department of Finance* v. *Cohen,* 369 Ill. 510, a case involving a deficiency assessment, shows a notice was given to the defendant, a hearing was held on the deficiency, a decision was made by the department of the amount of the deficiency and notice thereof given by the department to the taxpayer before suit was instituted. We think the statute clearly contemplates such a procedure, but the complaint in this case assumes that the hearing held on February 10, and the report thereof, constituted an assessment by the department from which *certiorari* to the circuit court must be taken. It is to be observed that the word "Department" is defined in the act as meaning the Department of Finance (Smith-Hurd Stat. 1935, chap. 120, par. 440) and the act provides that the taxpayer's appeal is allowed from "all questions of law and fact determined by the department," (Smith-Hurd Stat. 1935, chap. 120, par. 451,) and not from a hearing or decision of the investigator.

It does not sufficiently appear from the complaint or the affidavit of claim, that any such questions have been determined by the Department of Finance, or notice thereof given appellee. We believe that appellee has fallen into a

similar error with respect to the procedure necessary in assessing taxes by the Department of Finance in cases of this kind. In her brief she does say that it is the corrected return made by the department that is *prima facie correct* and not the finding of the hearing officer, but her principal contention consists of allegations of facts which she believes constitute mistake of law, mistake of fact or fraud in the conduct of the hearing which would invalidate it. We are not passing upon the legal effect of the allegations contained in the answer other than to say that they cannot be raised against any matter decided by the Department of Finance which could be properly reviewed by the circuit court on *certiorari.* (*People* v. *Beemsterboer,* 356 Ill. 432; *People* v. *Cesar,* 349 id. 372; *People* v. *Goldberg,* 354 id. 423.) The general allegation contained in the complaint that the defendant has failed to pay taxes and owes the money is not a sufficient statement of jurisdictional allegations necessary in an action of this kind, and since the court struck the affidavit in support of a summary judgment, we think the question is properly raised. The affidavit for summary judgment contains the statement that the defendant was notified of the hearing "and also of the findings of the hearing officer according to statute" and appellant may have intended by this to allege that the Department actually notified the appellee of an amended return, but does not specify when or how, or that it was in writing, and the court, in the absence of these facts, was justified in striking the affidavit. If the Department of Finance has complied with the said requirements of law as it existed prior to the act of 1937, and it should so appear by proper allegations in the complaint, the remedy of the taxpayer under the statute as it existed then, and as it exists under the amendment of 1937, is to have all questions of law and fact determined by the department reviewed in the circuit court by *certiorari.* Likewise, if the complaint did state the requisite jurisdictional facts, a large

portion of the defendant's answer should be stricken as containing matter which would be determined on a review of the tax assessment by *certiorari*. The Civil Practice act (Ill. Rev. Stat. 1937, chap. 110, par. 166) provides that "If any pleading is insufficient in substance or form, the court may order a fuller and more particular statement; and if the pleadings do not sufficiently define the issues the court may order other pleadings prepared." We think this is a case where the court may properly exercise such power if the parties themselves do not cure the matters herein pointed out, by amendment.

The judgment of the circuit court is reversed and the cause is remanded, with directions to proceed in a manner not inconsistent with the views expressed herein.

*Reversed and remanded, with directions.*