(No. 28238.—

E. A. AARON & BROS. *et al.*, Appellants, *vs.* GEORGE B. Mc-KIBBIN, Director of Finance, *et al.*, Appellees.

*Opinion filed January 23, 1946—Rehearing denied March 13, 1946.*

MICHAEL M. PHILLIPS, JOHN H. GATELY, and BROWN & WEST, all of Chicago, for appellants.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of Chicago, of counsel,) for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Appellants, sixty-three in number, are engaged in selling tangible personal property at retail within the meaning of the term "sale at retail" as defined in section 1 of the Retailers' Occupation Tax Act. (Ill. Rev. Stat. 1945, chap. 120, par. 440.) Prior to July 1, 1943, each of appellants paid their taxes levied under said act under protest and later they joined in this litigation to recover the money thus paid. The action was against the State Director of Finance, the State Treasurer, Attorney General

and Auditor. The basis of the protest was that the Retailers' Occupation Tax Act was unconstitutional and the cause of action set forth in the complaints in these cases is founded upon that theory. Appellees' motion to dismiss appellants' complaint for want of equity was sustained and a decree entered dismissing the cause. This appeal is from that decree.

It is contended that the tax act violates that part of section 13 of article IV of the constitution which directs that "no law shall be revived or amended by reference to its title only, but the law revived or the section amended shall be inserted at length in the new act."

The Civil Administrative Code, (Ill. Rev. Stat. 1945, chap. 127, par. 1, *et seq.*) as adopted in 1917, created various departments of State government and vested such departments with powers pertaining to the administration of the State government. One of such agencies was the Department of Finance. The powers and duties of such Department were set forth in the original act in fifteen subparagraphs of section 36. (Laws of 1917, p. 17.) In 1925, the original act was amended and additional powers were conferred upon the Department but all the powers thus granted, either by the original act or the amendments, pertained to bookkeeping, accounting and supervision of the finances of the several departments of State government. There was nothing in the act, either by express language or implication, which referred to the collection of taxes by the Department. In 1933, the Retailers' Occupation Tax Act was adopted and by its provisions the Department of Finance was charged with the collection of the tax therein imposed and with the general administration of the act. The powers thus conferred and the duties therein imposed on the Department of Finance and the Director in charge were outside the scope of any powers or duties imposed by the Civil Administrative Code. Appellants contend that such increase of authority and the im-

posing of additional burdens on the Department and the Director make the tax act amendatory to the Civil Administrative Code.

The title of the tax act is "An Act in relation to a tax upon persons engaged in the business of selling tangible personal property to purchasers for use and consumption." There is nothing in the title that professes to be amendatory of the Civil Administrative Code or any other existing law. Nor is there anything in the several sections of the act which purports to amend any other law. The powers conferred on the Department and the duties imposed on the Director are granted without reference to any power conferred on such Department or its Director by the Civil Administrative Code or any other statute. There is nothing in any of the provisions granting the additional powers to the Department which takes away any of the powers conferred under the Civil Administrative Code.

In numerous cases it has been held that where a new law is complete in itself and entirely intelligible without reference to prior legislation, it is valid even though its effect may be to modify existing law. (*People ex rel. McDonough* v. *Beemsterboer,* 356 Ill. 432; *Chicago Motor Club* v. *Kinney,* 329 Ill. 120; *Steinhagen* v. *Trull,* 320 Ill. 382.) The tax act is a separate independent piece of legislation. It is complete within itself. To determine the power which the Department may exercise in the administration of the act, it is not necessary to refer to the provisions of the Civil Administrative Code. Appellants rely upon *Chicago Motor Club* v. *Kinney,* 329 Ill. 120. It will be noted that the controlling factor in that case was that the act in question was not complete within itself. It was said: "Under the Motor Vehicle act, the disbursing officers of the State are told to use all of the Road fund for the construction and improvement of the highways of the State, whereas, under the Motor Vehicle Tax act, they are authorized to use the same fund for other purposes.

Such officers cannot determine their duties in this respect by reading either act alone. The provisions of the two acts are intermingled and the officers must take both as their guide." The feature which condemned the act in that case is not present in the Retailers' Occupation Tax Act. The principle applicable to this case was applied in *People* v. *Beemsterboer*, 356 Ill. 432, under somewhat similar facts and the constitutionality of the statute was sustained. The statute is not unconstitutional in the respect contended.

Appellants' claims are for taxes paid prior to July 1, 1943. The Civil Administrative Code was amended in 1943 so that the Department of Revenue succeeded to what was the Department of Finance and additional powers were conferred, including the express power to administer the Retailers' Occupation Tax Act. Ill. Rev. Stat. 1945, chap. 127, par. 39b, sec. 39b, subpar. 3.

For the reasons assigned, the decree is affirmed.

*Decree affirmed.*