(No. 33356.—

DIANA SHOE STORES COMPANY, Appellant, *vs.* THE DEPARTMENT OF REVENUE *et al.,* Appellees.

*Opinion filed January 21, 1955—Rehearing denied March 22, 1955.*

PEFFERLE, SHEEHAN & PEFFERLE, and THOMAS W. HOOPES, both of Springfield, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (JOHN L. DAVIDSON, JR., of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The plaintiff, engaged in the retail shoe business in East St. Louis, filed a complaint in the circuit court of Sangamon County to enjoin the defendants, the Department of Revenue, and Richard J. Lyons, its Director, from collecting the retailers' occupation tax on sales made by the plaintiff from July 1, 1949, through June 30, 1952. It was alleged that the defendants had no authority to make a pretended assessment of said tax against the plaintiff, because the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1953, chap. 120, par. 440 *et seq.*,) expired prior to July 1, 1949, and was of no effect beyond that date, being unconstitutional and void as to sales made July 1, 1949, and thereafter, and contrary to and in violation of section 1 of article IX and section 18 of article IV of the Illinois constitution.

The defendants filed a motion to dismiss, which the court sustained, and the plaintiff elected to stand by its complaint. The court then entered a decree dismissing the complaint for want of equity. A matter relating to revenue being involved, the plaintiff perfected an appeal to this court.

The plaintiff's position seems to be as follows: Section 18 of article IV of the Illinois constitution prohibits a continuing appropriation, and section 1 of article IX should be interpreted as requiring each General Assembly

to impose taxes to meet appropriations it makes. Therefore, the General Assembly is prohibited from passing any revenue measure that extends beyond the biennial period for which an appropriation can be made. This being true, the assessment of the tax in question is invalid, since the Retailers' Occupation Tax Act was not in force on July 1, 1949, or at any time subsequent thereto.

It is fundamental that the power of taxation is inherent in every independent government. (1 Cooley, The Law of Taxation, sec. 57.) In Illinois, this power is vested in the legislative department, the General Assembly, which possesses plenary power over the subject of taxation except in so far as such power is restricted by our constitution or by the Federal constitution. *Reif* v. *Barrett,* 355 Ill. 104, 110; *Elmhurst State Bank* v. *Stone,* 346 Ill. 157, 161; *People ex rel. Campe* v. *Board of Review,* 290 Ill. 467, 472; *Metropolis Theater Co.* v. *City of Chicago,* 246 Ill. 20, 23.

Thus, we must determine if there is any constitutional provision which invalidates a statute that continues as a basis for taxation beyond the biennium of the General Assembly which enacted it.

Section 18 of article IV of our constitution does contain a prohibition against continuing appropriations, said section providing, in part, as follows: "Each general assembly shall provide for all the appropriations necessary for the ordinary and contingent expenses of the government until the expiration of the first fiscal quarter after the adjournment of the next regular session, the aggregate amount of which shall not be increased without a vote of two-thirds of the members elected to each house, nor exceed the amount of revenue authorized by law to be raised in such time; and all appropriations, general or special, requiring money to be paid out of the state treasury, from funds belonging to the state, shall end with such fiscal quarter."

Section 1 of article IX which pertains to tax measures, provides as follows: "The general assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property—such value to be ascertained by some person or persons, to be elected or appointed in such manner as the general assembly shall direct, and not otherwise; but the general assembly shall have power to tax peddlers, auctioneers, brokers, hawkers, merchants, commission merchants, showmen, jugglers, inn-keepers, grocery keepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, vendors of patents, and persons or corporations owning or using franchises and privileges, in such manner as it shall from time to time direct by general law, uniform as to the class upon whitch it operates."

Contrary to the contention of the plaintiff, there is nothing in either of the foregoing sections which in any way indicates that tax measures enacted pursuant to section 1 of article IX cannot be effective beyond the biennium of the General Assembly which enacted them. Counsel for the plaintiff do not refer to any authority, but argue that the words "from time to time" as used in section 1 of article IX, mean "at recurring intervals," and when read in conjunction with section 18 of article IV, must be held to mean from one legislature to the next or to "recurring intervals when appropriations are made." However, we do not believe such a construction is warranted. The section on appropriations specifically refers to what "each general assembly" shall provide for and expressly states that all appropriations "shall end with such fiscal quarter." On the other hand, section 1 of article IX refers to what "the general assembly" may provide from "time to time by general law," and there is no language limiting a law's duration to the biennium of the General Assembly which enacted it.

We have not found any decisions or texts wherein this argument of the plaintiff has even been alluded to. It is apparent that the framers of our constitution did not intend section 18 of article IV to have the limiting effect on tax legislation contended for by the plaintiff. In the constitutional convention of 1870 there was considerable discussion of that part of section 18 of article IV which provided for an irrevocable tax to supply money to meet "casual deficits or failure in revenues, contract debts * * * and no other debt, except for the purpose of repelling invasion, suppressing insurrection or defending the State in war * * *." There was no intimation, however, that section 18 of article IV was intended to prevent the General Assembly from levying a tax which would continue as a basis for taxation beyond the biennium of the General Assembly which enacted it. Discussion of its effect on other tax powers was not considered relevant. (1 Debates and Proceedings of the Constitutional Convention of the State of Illinois, pp. 302-5.) Moreover, the debates relating to section 1 of article IX do not contain any suggestion that members of the convention considered this section to be limited by section 18 of article IV.

The practical consequences of the doctrine urged by the plaintiff would, of course, be enormous, because all tax revenue of the State of Illinois is derived from exactions imposed on a permanent or continuing basis. In addition to the retailers' occupation tax there are: inheritance and transfer taxes, (Ill. Rev. Stat. 1953, chap. 120, pars. 375-403b;) taxes on private car line companies, (Ill. Rev. Stat. 1953, chap. 120, pars. 372.1-372.12a;) motor fuel tax, (Ill. Rev. Stat. 1953, chap. 120, pars. 417-434;) cigarette tax, (Ill. Rev. Stat. 1953, chap. 120, pars. 453.1-453.30;) gross receipts tax or tax on the business of transmitting messages, (Ill. Rev. Stat. 1953, chap. 120, pars. 467.1-467.15;) gross receipts tax on consumption of gas, (Ill. Rev. Stat. 1953, chap. 120, pars. 467.16-467.30;) gross receipts tax on

electricity,.(Ill. Rev. Stat. 1953, chap. 120, pars. 468-481a;) tax on coin-operated amusement devices, (Ill. Rev. Stat. 1953, chap. 120, pars. 481b.1-481b.12;) motor vehicles, (Ill. Rev. Stat. 1953, chap. 95½, pars. 8, 9;) corporation fees, franchise taxes and charges, (Ill. Rev. Stat. 1953, chap. 32, pars. 157.126-157.143;) insurance fees, charges and taxes. Ill. Rev. Stat. 1953, chap. 73, pars. 1020-1027.

In conclusion, this court has sustained the validity of the Retailers' Occupation Tax Act on numerous occasions, (*Modern Dairy Co.* v. *Department of Revenue,* 413 Ill. 55; *Norton Co.* v. *Department of Revenue,* 405 Ill. 314; *Department of Revenue* v. *Jennison-Wright Corp.* 393 Ill. 401; *Aaron & Bros.* v. *McKibbin,* 392 Ill. 558; *Department of Finance* v. *Gandolfi,* 375 Ill. 237; *People* v. *Werner,* 364 Ill. 594; *Franklin County Coal Co.* v. *Ames,* 359 Ill. 178; *Rief* v. *Barrett,* 355 Ill. 104,) and this latest assault on its constitutionality, though novel and apparently original, is without merit.

The decree of the circuit court of Sangamon County was correct, and accordingly is affirmed.

*Decree affirmed.*